**Franklin V. TESACK, Petitioner,**

v.

**George TRENT, Warden, Mount Olive Correctional Complex, Respondent.**

**No. Civ.A. 2:97–1132.**

United States District Court, S.D. West Virginia.

May 12, 1998.

Franklin V. Tesack, Mt. Olive, WV, pro se.

Dawn E. Warfield, Darrell V. McGraw, Jr., Office of the Attorney General, Charleston, WV, for Respondent.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Report–Recommendation filed by the Honorable Jerry D. Hogg, United States Magistrate Judge. This action was referred to Judge Hogg, who has submitted his proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report–Recommendation on April 22, 1998. Trent filed objections to the Report–Recommendation on May 6, 1998. Having reviewed *de novo* those portions of the Mag-

istrate Judge's Report–Recommendation to which Trent objects, the Court concludes that the objections are without merit. Accordingly, the Court adopts and incorporates the Report–Recommendation.

■ Alternatively, the Court adopts the following analysis. Under a strict application of § 2244(d)(1)(A), Tesack would have had to file his federal petition within one year after the judgment became final [1]—in this case, October 1, 1990, years before § 2244(d)(1) was enacted.

If literally and mechanically applied, the statutory provision here in question would have precisely this prohibited effect: any prisoner whose judgment of conviction had become final more than one year prior to the enactment of the [Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") ] would have been barred from seeking collateral relief as of the moment the Act was signed into law. Accordingly, such a construction would run afoul of the "essential" principle requiring that a "reasonable time" be allowed before the courthouse doors are thus retroactively shut upon a claim. In the absence of any indication that Congress intended the limitations period to apply in such a harsh manner, we join the majority of circuits in holding that prisoners must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for collateral relief under section 2255.

*United States v. Flores*, 135 F.3d 1000, 1004–05 (5th Cir.1998) (referring to *Wilson v. Iseminger*, 185 U.S. 55, 60–63, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902)). The Court concludes, likewise, to allow a "reasonable time" after the enactment of § 2244(d)(1) in which a state prisoner may file a habeas petition. Specifically, a state prisoner has one year from the AEDPA's enactment date in which to perfect a federal habeas petition. This one-year period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

---

1. Mandates are to issue thirty days after entry of judgment by the West Virginia Supreme Court of Appeals, which occurred on July 3, 1989. The

Court also includes the ninety day period in which the defendant could have sought review before the United States Supreme Court.

claim is pending shall not be counted toward any period of limitation under this subsection."

Tesack's petition is not time-barred because the statute was tolled for the time Tesack's state habeas petition was pending. As the Magistrate Judge recognized, Tesack's amended petition for post-conviction habeas corpus relief in the Circuit Court of Hancock County, West Virginia was denied on August 28, 1996.[2] The West Virginia Supreme Court of Appeals denied the petition for appeal by Order entered September 9, 1997. The Court finds Tesack's state petition was pending, and thus the statute was tolled, until September 9, 1997. Because Tesack filed the instant petition less than two months after his state petition was denied, a time period easily found "reasonable," see *Flores*, 135 F.3d at 1005, the Court finds Tesack's claim is not time-barred.

Accordingly, the Court **DENIES** Respondent's motion to dismiss and **ORDERS** Respondent to file a Response to the instant petition within ten days from entry of this Order. The Magistrate Judge will retain reference of this action for further development and review.

The Clerk is directed to send a copy of this Order to counsel of record and to petitioner.

2. It appears the state habeas petition was filed in 1993. *See* Respondent's Obj. at 4 n. 4.